UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADI ZAKINOV, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIPPLE LABS, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-06753-PJH<br><br>**ORDER GRANTING JOINT MOTION TO RELATE**<br><br>Re: Dkt. No. 96 |

On May 11, 2020, plaintiff Bradley Sostack ("plaintiff Sostack") and defendant XRP Labs, Inc, defendant XRP II LLC, and defendant Bradley Garlinghouse (collectively, "defendants") (together with plaintiff Sostack, the "parties") filed a Joint Administrative Motion to Consider Whether Cases Should Be Related and Consolidated for Pretrial Purposes." Dkt. 96. The parties ask this court to relate and consolidate an action against defendants recently filed by plaintiff Bitcoin Manipulation Abatement LLC ("plaintiff BMA") presently pending before Judge Richard Seeborg, <u>Bitcoin Manipulation Abatement LLC v. Ripple Labs,, Inc., et. al.</u>, 20-cv-3022-RS (the "<u>BMA</u> action"). For the reasons noted above, the court hereby **GRANTS** the parties' request and **ORDERS** the <u>BMA</u> action related and consolidated to the instant action.

## BACKGROUND

The instant action involves multiple claims against defendants for the alleged violation of federal and California state securities laws, as well as certain provisions of the California Business and Professions Code sections. Dkt. 87 (Consolidated First Amended Complaint ("CFAC")) ¶¶ 175-230. While this action has a long procedural history, for purpose of the instant motion, the court need only note that, on March 18,

2019, it issued an order regarding publication of notice consistent with the requirements of the Private Securities Litigation Reform Act, Title 15 U.S.C. § 77z-1. Dkt. 35. In its order, the court stated the following in relevant part:

> "6.   All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of this Order is served on the party's counsel.
>
> . . .
>
> 7.   The parties shall file an Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District." Id. ¶¶ 6-7.

On May 1, 2020, plaintiff BMA filed its action. 20-3022, Dkt. 1. In its complaint, plaintiff BMA alleges seven claims against defendants for violation of the same federal and California state laws as those alleged in this action, including without limitation: Title 15 U.S.C. § 77l(a)(1) (sale of unregistered securities), California Corporations Code § 25503 (sale of unqualified securities), California Corporations Code § 25401 (misleading statements made in connection with the offer and sale of securities), and California Business and Professions Code §§ 17200, 17500 (certain theories of unfair business practices in connection with the sale of XRP). Id. ¶¶ 178-84, 193-99, 200-09, 210-16, 217-36. The court will detail the allegations proffered by plaintiff BMA to substantiate these claims as necessary in its analysis below.

On May 11, 2020, defendants served plaintiff BMA with notice of the parties' joint motion. Dkt. 97. Pursuant to Local Rule 7-11(b), plaintiff BMA had until May 15, 2020 to object or otherwise respond to the parties' motion. To date, plaintiff BMA has not filed any such response on either this action's docket or the BMA action's docket.[1]

---

[1] In any event, plaintiff BMA indicates in its civil cover sheet that its case is related to this action. Dkt. 1-1, § VIII.

2

**DISCUSSION**

**A.  Legal Standard**

Civil Local Rule 3-12(a) provides that "an action is related to another when:

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).

**B.  Analysis**

**1.  Both the Actions Concern Substantially the Same Parties**

Plainly, the defendants in both actions—defendant Ripple Labs, defendant XRP II, and defendant Garlinghouse—are the same.  Compare CFAC ¶¶ 14-16 with 20-3022, Dkt. 1 ("BMA Compl.") ¶¶ 19-21.  While less obvious, plaintiff BMA also falls within the putative class sought for certification by plaintiff Sostack.  In the CFAC, plaintiff Sostack seeks to certify a class comprising the following individuals:

> "All persons or entities who purchased XRP.  Excluded from the Class are: corporate officers, members of the boards of directors, and senior executives of Defendants; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest."  CFAC ¶ 166.

In its complaint, plaintiff BMA alleges that "plaintiff . . . purchased XRP securities from defendants."  BMA Comp. ¶ 181.  Based on the defendants' decision to file this motion, the court can safely assume that plaintiff BMA would not fall within any of the exceptions provided in the above class definition.  Accordingly, if the court were to certify the plaintiff's Sostack class, plaintiff BMA would be included among its membership.[2]  As a result, the court concludes that both actions concern substantially the same parties.

---

[2] The court understands that counsel for plaintiff BMA has represented that plaintiff BMA "intends to opt out of any class action settlement."  Dkt. 96-1 at 5.  Whatever the merits of that intention, it does not alter the conclusion that plaintiff BMA falls within the definition of the putative class sought for certification in this action.

3

### 2. Both Actions Concern Substantially the Same Property and Events

As characterized by this court in a prior order, "[t]his consolidated putative class action . . . arises out of the creation, dispersal circulation, and sale of 'XRP,' a sort of digital units often referred to as a 'cryptocurrency.'" Dkt. 85 (February 26, 2020 order on defendants' motion to dismiss) at 1. At length, the court detailed the various allegations proffered by plaintiff Sostack to support that characterization. Id. at 5-8. While plaintiff Sostack filed the CFAC in response to that order, Dkt. 87, those amendments did not disturb any of the allegations relied upon to support that characterization. Dkt. 87-1 (redline version comparing Consolidated Complaint to CFAC).

To support its claims, plaintiff BMA proffers materially identical allegations of misconduct to those proffered by plaintiff Sostack to support his theory of the case in this action. Indeed, as its opening allegation, plaintiff BMA characterizes its case as follows:

> "This action arises out of a scheme by Defendants to raise more than [sic] billion dollars through sales of XRP—an unregistered security—to retail investors in violation of the registration provisions of federal and California securities laws with the primary purpose to enrich Ripple's executives, directors, founders, and affiliates. Additionally, in order to drive demand for and thereby increase profits from the sale of XRP, Defendants have made a litany of false and misleading statements regarding XRP in violation of California's securities laws, and false advertising and unfair competition laws." BMA Compl. ¶ 1.

Additionally, plaintiff BMA contends that XRP qualifies as a security for what appears to be the same reasons as those argued by plaintiff Sostack. Compare BMA Compl. ¶¶ 136-174 with CFAC ¶¶ 127-165. Further, both actions allege that defendants "rapidly" accelerated their sales of XRP to the public "in 2017 and early 2018" and that, since 2017, "[d]efendants have earned over $1.1 billion dollars through the sale of XRP." Compare BMA Compl. ¶¶ 37-45 with CFAC ¶¶ 30-39. Lastly, both actions also rest upon similar sorts of statements by defendants to support their respective misrepresentation and false advertising claims. For example, both plaintiffs rely upon the exact same purported misstatements by defendants concerning XRP's usefulness, Compare BMA

Compl. ¶¶ 47-49 with CFAC ¶¶ 41-43,[3] as well as defendants' purported attempts to "conflate" XRP with their enterprise solution software, Compare BMA Compl. ¶ 60 with CFAC ¶ 59. Accordingly, the court concludes that both actions concern substantially the same transactions and events.

### 3. Relating These Actions Would Avoid Duplicative Litigation and Inconsistent Results

The court also concludes that relating the BMA action to this action would avoid the duplication of labor and conflicting results that might otherwise arise if the BMA action were to remain before Judge Seeborg. Plainly, a core contention at issue in this litigation—whether XRP qualifies as a security under federal and California state law—is novel and nuanced. While the court is less concerned about potentially conflicting results, its determination of that core contention, in addition to that of the other questions presented in this action, will require significant labor. As a result, the court concludes that relating the BMA action is further proper under Civil Local Rule 3-12(a)(2).

## CONCLUSION

For the above reasons, the court **GRANTS** the parties' joint motion to relate and consolidate Bitcoin Manipulation Abatement, LLC v. Ripple Labs, Inc., 20-3022-RS with the instant action. Accordingly, the court **ORDERS** that action related and consolidated to the instant action and directs the clerk to take all action prescribed to it under paragraph 7 of this court's March 18, 2019 order regarding publication of notice (Dkt. 35).

**IT IS SO ORDERED.**

Dated: May 28, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[3] Indeed, based on errant typos in its complaint, it appears that plaintiff BMA literally copied, pasted (without formatting), and then deleted numerous footnotes some of the CFAC's allegations. Compare BMA Compl. ¶ 47 with CFAC ¶ 40 (citing the same statement by defendant Garlinghouse but the number "20" after it, which corresponds to the footnote source citation for that exact statement in the CFAC).